{¶ 43} Although I concur with the majority with respect to the second issue presented in the first assignment of error and with the second assignment of error, I dissent from the majority with respect to its treatment of the first issue raised in the first assignment of error.
 {¶ 44} The trial court abused its discretion by denying appellant's motion for additional time to conduct discovery. Appellant filed her defamation claim on May 19, 2000. The discovery cutoff date was May 4, 2001. Appellant requested additional time to conduct discovery and a motion to stay the proceedings on June 27, 2001. The court denied the motion for additional time to conduct discovery, but stayed all of the proceedings except for the defamation claim. Therefore, it is my view that although the request for additional time was filed over a year after the claim was filed, it was not interposed for purposes of delay. The request would not have delayed the proceedings in any manner since the case had been stayed.
 {¶ 45} The Supreme Court of Ohio stated that the standard of review of a trial court's decision in discovery matters is whether the trial court abused its discretion.[3] The trial court's discretion in this area, however, is not unlimited.[4] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[5]
In the instant matter, the discovery sought was critical to the establishment of plaintiff's case. It is always preferable that litigation be resolved on the merits as opposed to procedural defects in litigants' presentation of evidence.
 {¶ 46} "An appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights."[6]
 {¶ 47} In the instant matter, the trial court did not allow appellant additional time for discovery to be conducted. In ruling on the summary judgment motion, the court stated that appellant did not have sufficient evidence to support her claim. The failure to provide evidence was directly related to the trial court's actions in curtailing discovery. As such, it was an improvident ruling. Accordingly, appellant was denied a substantial right and the trial court abused its discretion when it denied her motion for additional time to conduct discovery.
 {¶ 48} Therefore, it is my position that appellant's rights may have been materially affected. It is for these reasons, I must, therefore, respectfully dissent from the majority on that issue.
[3] Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,592.
[4] Id.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] Rossman v. Rossman (1975), 47 Ohio App.2d 103, 110.